JOHN COLLINS *vs.* JAMES H. BUCK.

*Pledge—created by delivery and preserved by possession.*

To constitute a pledge, there must be a delivery and retention by the pledgee of the thing pledged.

The lien created by a pledge can be maintained only by a continued possession of the property pledged.

ON EXCEPTIONS.

REPLEVIN of thirty cords of bark, formerly the property of the late William H. Horn, deceased. The plaintiff claimed it by virtue of a pledge as collateral security to a note which he signed as surety for Horn, and subsequently had to pay; and the defendant by sale from Horn's administrator. The verdict was for the defendant. The plaintiff excepted to the judge's instructions to the jury relative to the nature and formality of the contract of pledge and to the kind of possession to be retained by the pledgee, to preserve his lien. The paragraphs of the instructions which were specially excepted to are quoted in the opinion.

These thirty cords were part of a large quantity, all ranged in piles together, and no particular thirty cords had ever been measured and set apart for the plaintiff. His counsel contended that this was not necessary, and that the instructions as to the neces-

sity of exclusive possession, when applied to property of this character, were erroneous.

*E. F. Pillsbury* and *G. C. Vose*, for the plaintiff.

*A. Libbey*, for the defendant.

APPLETON, C. J.   This is an action of replevin for a quantity of bark.

It is admitted that the title to the bark was originally in one Wm. H. Horn, who has deceased.

The plaintiff claims that he signed a note as indorser for Horn, and that in pursuance of a verbal agreement with Horn to that effect, the bark was delivered to and retained by him to secure him against his liability as indorser.

The defendant justifies as the servant of one Edson to whom the administrator of the estate of Horn sold the bark for an adequate consideration and in good faith under a license from the judge of probate.

There was evidence tending to show that the plaintiff took and retained possession of the bark and to the contrary—and that the note was paid after the death of Horn and before the last day of grace.

The plaintiff claims that, by virtue of a verbal agreement with Horn he received the bark replevied as a pledge to secure him for signing the note, which he subsequently paid.   The main question, therefore, which arises, relates to the correctness of the legal positions as stated by the presiding justice in relation to the legal rights of the pledgee.

The court, among other things, instructed the jury that the plaintiff, in order to make the contract of pledge, must make out that the property pledged was delivered to him and that he retained it in his possession.   "Now," continues the court, "if a party receives a pledge as collateral security and in course, or at any time after he receives it, suffers it to go back into the posses-

Collins v. Buck.

sion of the persons by whom it was pledged, the moment that he yields up the possession of it, he yields his right and any subsequent purchaser or an attaching creditor would be entitled to hold it against him."

These general propositions are in entire accord with the authorities upon the subject. In *Beeman* v. *Lawton*, 37 Maine, 544, the court say: "To constitute a pawn or pledge there must be a delivery and retention of the possession of the thing pawned. If the pawnee gives up the possession to the pawner, his rights are gone." To the same effect are the decisions in other States. *Kimball* v. *Hildreth*, 8 Allen, 167. The lien created by a pledge can be maintained only by a continued possession of the property. *Walcott* v. *Keith*, 22 N. H., 196.

The pledgee must have exclusive possession of his pledge. Whether there was an agreement that the plaintiff should hold the bark in controversy as a pledge; whether it was separate, or an undistinguishable part of a larger pile; whether the plaintiff had exclusive control and possession of it or not; or whether the same went back into the possession of Horn, and so remained until sold by his administrator, were questions for the jury and were fairly submitted to them for their decision.

The concluding words of the presiding justice left nothing wanting; "So that," he observes, "this case resolves itself into these two points: Was the contract, as claimed by the plaintiff, made between him and Horn, by which he was to hold the bark as a pledge to secure him against his liability for signing the note? If it was, did he take that property into his possession? was it delivered to him by Horn, and did he take it and retain it in his possession until it was taken from him? If he has made out these points in his favor, he would be entitled to recover; if he has failed in either of them, why then your verdict should be for the defendant."

It is not perceived that there is any expression of opinion as to the facts, to which any exceptions can justily be taken.

The exceptions state that there is a motion for a new trial—but there is no report of the evidence and it must be overruled.

*Exceptions overruled.*

CUTTING, DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.